

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 9, 1961

Honorable George Gray
County Attorney
County of Ector
Room 201
Ector County Courthouse
Odessa, Texas

Opinion No. WW-980

Re: The effect of the appoint-
ment of a purchasing agent
for a county over 73,000
population as to (a) The
continued necessity of hav-
ing the County Judge approve
purchases (b) Purchases by
the sheriff of food and medi-
cine for county prisoners,
(c) Purchases of food, cloth-
ing and supplies by the Coun-
ty Welfare authorities.

Dear Mr. Gray:

You have requested an opinion on the following
questions which arise as a result of the recent appoint-
ment of a County Purchasing Agent for Ector County pursuant
to the permissive language of Article 1580, Vernon's Civil
Statutes as amended by Acts, 56th Legislature, Regular
Session, 1959, Chapter 418, Page 913.

What is the effect of such appointment:

1. As to the continued necessity of
having the County Judge approve purchases;

2. As to the purchasing duties of the
County Sheriff pursuant to the provisions of
Articles 1040, 1046, and 1047, Code of Crimi-
nal Procedure; and,

3. As to the purchases of food, cloth-
ing and medical supplies heretofore made by
the County Welfare Department?

1. The language of Section 1 (b), Article 1580,
states in part, as you pointed out, ". . . All purchases
made by such Agent shall be paid for by warrants drawn by
the County Auditor on the County Treasurer of such county
as in the manner now provided by law."

Article 1661, Vernon's Civil Statutes, sets forth the requisites of approval for claims, bills and accounts against the county which are submitted to the County Auditor. It states:

> "He shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, <u>unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge."</u> (Emphasis ours)

Neither the language of Article 1580 above quoted, nor any other provision of Article 1580 indicates that the Legislature intended, by the passage of the 1959 Amendment, to eliminate the requirement, set forth in Article 1661, that claims, bills and accounts be approved by the County Judge. As there is no ascertainable conflict between the provisions, it is our opinion that the County Judge must continue to approve all claims, bills and accounts presented to the County Auditor for payment by warrant drawn on the County Treasurer. Indeed, from a fair reading of the statutes in point, it is apparent that the Legislature intended that the two statutes work in conjunction with one another.

It is, therefore, the opinion of this office that the County Judge must continue to approve claims, bills and accounts including those arising from purchases made by the County Purchasing Agent. Articles 1580, 1661, Vernon's Civil Statutes.

2. The answer to your second question may be found in Opinion No. V-1188 rendered June 13, 1951, by this office. This opinion, in turn, was grounded on a 1933 opinion to Honorable J. L. Crosthwait, County Auditor of Dallas County. The substance of these two opinions reflects the well-established rule that where a general statute is enacted which is in apparent conflict with a specific statute speaking on the same subject matter, the specific statute will control and will not be overruled by implication. <u>Perez v. Perez</u>, 59 Tex. 322; <u>San Antonio & A. P. Ry. Co. v. State</u>, 95 S.W. 2d 680; <u>Sam Bassett Lumber Co. v. City of Houston</u>, 198 S.W. 2d 879.

We quote from the 1933 Opinion:

"It has been the longstanding
policy of the Legislature of this
State to commit the care and mainte-
nance of prisoners to the sheriff.
I do not believe that it was the in-
tention of the Legislature to alter
this policy by the provisions of
Chapter 236, Acts of the Forty-third
Legislature. If such an intention
did exist it would have been a re-
latively easy thing to have made
express provision therefor, both in
the caption of the bill and in its
text."

As the language of Chapter 236, Acts of the
Forty-third Legislature, above mentioned, closely
parallels the provisions of Article 1580, we find no in-
consistency in the determination that it is not the duty
of the Purchasing Agent of Ector County to perform the
purchasing duties hitherto expressly assigned to the
sheriff of said county pursuant to the provisions of Arti-
cles 1040, 1046, and 1047, Code of Criminal Procedure, as
amended.

3. As regards purchases made by the County
Welfare Department you are advised that there is no statu-
tory authority for said purchases being made by the Welfare
Department itself. Accordingly, there is no conflict
between statutes which would lead to the conclusion that
said purchases should be made by anyone other than the
County Purchasing Agent. Purchases by the County Welfare
Department would, therefore, not fall within the rule set
forth above in paragraph 2. Absent a statute specifically
designating the purchasing duties of the Welfare Department,
it would appear that the provisions of Article 1580, Ver-
non's Civil Statutes, will control and said purchases
should be made by the County Purchasing Agent. Article
1580, Vernon's Civil Statutes.

### S U M M A R Y

Where a County Purchasing Agent is
appointed pursuant to the provisions
of Article 1580, Vernon's Civil

Statutes, such appointment does not eliminate the requirement of Article 1661, Vernon's Civil Statutes, that the County Judge must approve the payment of all claims, bills and accounts.

It is not the duty of the County Purchasing Agent of Ector County to make purchases which are specifically designated to be the duty of the sheriff under Articles 1040, 1046, and 1047, Code of Criminal Procedure. Attorney General's Opinion V-1188.

Pursuant to the provisions of Article 1580, Vernon's Civil Statutes, it is the duty of the County Purchasing Agent to make purchases for the County Welfare Department.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Robert L. Armstrong
Assistant

RLA: hmc/mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Leon F. Pesek
William E. Allen
W. Ray Scruggs
Ben M. Harrison

REVIEWED FOR THE ATTORNEY GENERAL

BY: Morgan Nesbitt